## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST ANDRADE-BARTELDES, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>-against- )<br><br>ASA COLLEGE, INC.,<br>ALEXANDER SHCHEGOL, and<br>JOSE VALENCIA, )<br><br>Defendants. ) | No.<br><br><br>COMPLAINT<br><br><br>Plaintiff Demands a Trial by Jury |

Plaintiff ERNEST ANDRADE-BARTELDES ("Mr. Andrade-Barteldes" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys Levine & Blit, PLLC, complaining of defendants ASA COLLEGE, INC. ("ASA College"), ALEXANDER SHCHEGOL ("Mr. Shchegol"), and JOSE VALENCIA ("Mr. Valencia") (hereinafter, ASA College, Mr. Shchegol, and Mr. Valencia shall be collectively referred to as "Defendants"), hereby alleges:

### NATURE OF THE ACTION

1. This putative collective action and class action is brought to remedy unpaid minimum wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), unpaid minimum wages in willful violation of the New York Labor Law ("Labor Law"), unpaid earned wages in violation of the Labor Law; untimely paid wages in violation of Labor Law § 191, unjust enrichment, and *quantum meruit.*

1

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including unpaid minimum wages; an award of liquidated damages under the FLSA and Labor Law; Plaintiff's reasonable attorney's fees; prejudgment interest on the total amount of unpaid wages or untimely paid pursuant to the Labor Law; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

5. Mr. Andrade-Barteldes is a citizen of the State of New York.

6. ASA College is a for-profit domestic business corporation, duly organized and existing in the State of New York, with its principal place of business located at 151 Lawrence Street, Brooklyn, New York 11201.

7. ASA College is a higher education institution for thousands of students with locations in New York County and Kings County.

8. Mr. Shchegol is the founder and sole owner of ASA College.

9. For many years, Mr. Shchegol served as President of ASA College.

10. In 2019, Mr. Shchegol was removed as President of ASA College after a series of sexual harassment allegations surfaced.

11. In about September 2021, Mr. Shchegol sought reinstatement to the position of President by the Board of Directors for ASA College.

12. When the Board of Directors for ASA College refused to reinstate Mr. Shchegol to the position of President, Mr. Shchegol used his ownership position to remove Board Members who did not support his reinstatement.

13. Thereafter, Mr. Shchegol was reinstated as President of ASA College in about October 2021.

14. On December 31, 2021, Mr. Shchegol resigned as President of ASA College.

15. Although Mr. Shchegol does not presently have a formal title or position with ASA College, he has exercised and continues to exercise significant operational and financial control over ASA College since his December 31, 2021 resignation through the present.

16. After Mr. Shchegol's resignation on December 31, 2021, Mr. Valencia became interim President of ASA College.

17. In about November 2022, ASA College lost its accreditation effective March 1, 2023.

18. One reason that ASA College lost its accreditation was due to its failure to timely pay its employees.

19. On November 14, 2022, Mr. Shchegol and Mr. Valencia held a town hall Zoom meeting for faculty.

20. During the November 14, 2022 Zoom meeting, both Mr. Shchegol and Mr. Valencia addressed the faculty concerning the loss of accreditation and appeal options.

21. During this same meeting, Mr. Shchegol confirmed that whether an appeal will occur was his decision and not the decision of the Board of Directors.

22. During this same meeting, Mr. Shchegol was asked by faculty when they would be paid.

23. Mr. Shchegol promised he would pay the faculty the wages owed plus a 5 percent bonus.

24. On January 3, 2023, Mr. Valencia sent an email to faculty concerning the state of ASA College.

25. In the January 3, 2023 email, Mr. Valencia wrote that he did not know when ASA College would get the money to fund future payrolls.

26. In the January 3, 2023 email, Mr. Valencia wrote that the owner [Mr. Shchegol] of the school [ASA College] has not been able to secure funding, and he believes he will not in the near future.

27. In the January 3, 2023 email, Mr. Valencia wrote that employees would not be working for free, but that their wages will continue to accrue.

28. In the January 3, 2023 email, Mr. Valencia wrote that if employees of ASA College quit then they would be eligible for unemployment and that he would approve it.

29. In the January 3, 2023 email, Mr. Valencia wrote that it was absolutely incorrect to say that employees were fired because there was no money to pay their wages or salary.

30. On January 16, 2023, Mr. Valencia sent an email to employees of ASA College.

31. In the January 16, 2023 email, Mr. Valencia wrote that he and Alex [Mr. Shchegol] had been trying hard to get funding to fund the 12/23/2022 unpaid payroll.

32. In the January 16, 2023 email, Mr. Valencia wrote that Mr. Shchegol had secured funding to cover the 12/23/2022 payroll.

33. In the January 16, 2023 email, Mr. Valencia wrote that he and Alex [Mr. Shchegol] had been trying hard to get funding to fund the 1/20/2023 unpaid payroll.

34. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

35. Defendants, individually or jointly, have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

36. At all times relevant to this action, Plaintiff and the Collective/Class were an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

37. At all times relevant to this action, Defendants were an "employer" of Plaintiff and the Collective/Class within the meaning of applicable federal and state statutes and regulations.

38. Defendants are a joint employer of Plaintiff and the Collective/Class.

39. Mr. Shchegol and Mr. Valencia are individually liable under the FLSA and NYLL as each individual had the power to hire or fire; controlled the conditions of employment of employees of ASA College; determined the rate and method of payment of employees of ASA College; and maintained employment records for ASA College.

## COLLECTIVE ACTION ALLEGATIONS

40. At all times within the applicable statute of limitations, Defendants have employed hundreds of natural persons, including Plaintiff, in faculty positions.

41. Plaintiff and the similarly situated faculty have been subjected to the same terms and conditions of employment; specifically, the failure to pay minimum wages.

42. The unlawful employment practices at issue with the respect to Plaintiff and the similarly faculty are identical, as Defendants, in all cases, have willfully withheld minimum wages earned.

43. Similarly situated faculty previously and/or currently employed by Defendants should have an opportunity to have their claims for alleged violations of the FLSA be heard.

44. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## CLASS ACTION ALLEGATIONS

45. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff bring this action individually and on behalf of the following class of persons ("the Class"): all faculty employed by ASA College since January 19, 2017.

46. The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable because, upon information and belief, Defendants have employed hundreds of people as faculty during the applicable statute of limitations.

47. Questions of law and fact common to the Class include, but are not limited to, the following:

    (a) Whether the named plaintiff and persons belonging to the Class did not receive the minimum wage for hours worked in a work week during the statutory period;

    (b) Whether the named plaintiff and persons belonging to the Class did not receive the full amount of wages earned for hours worked in a work week during the statutory period;

(c) Whether the named plaintiff and persons belonging to the Class were timely paid wages in compliance with Labor Law § 191 during the statutory period;

(d) Whether Defendants' denial of wages or timely payment of wages to the named plaintiff and persons belonging to the Class was done without a good faith basis that its practices complied with the applicable law; and

(e) Whether the named plaintiff and persons belonging to the Class have sustained damages and, if so, the proper measure of such damages.

48. The claims made by the named plaintiff is typical of the claims of the Class because the named plaintiff and the Class incurred the same type of damages; namely, unpaid wages and untimely paid wages, as a direct result of the same practices and policies implemented by Defendants.

49. The named plaintiff will fairly and adequately protect the interests of the Class because the interests of the named plaintiff is aligned with those of the Class and the named plaintiff has no conflicts of interest with the Class. Likewise, the named plaintiff is represented by qualified and experienced counsel.

50. By engaging in such unlawful employment practices as alleged herein, Defendants have acted or refused to act on grounds generally applicable to the Class thereby making it appropriate that injunctive, declaratory, and monetary relief be awarded to the Class as a whole.

51. The questions of law and fact common to the Class predominate over questions affecting only the named plaintiff, and a class action is a superior method of fair and efficient adjudication of this controversy rather than the other methods available.

52. For these reasons, the Class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

53. At all times relevant to this action, Mr. Andrade-Barteldes was employed by Defendants as an English as a Second Language ("ESL") professor for Defendant at its college in New York.

54. Mr. Andrade-Barteldes has worked for Defendants as an ESL professor since about 2010.

55. Mr. Andrade-Barteldes was paid on an hourly basis.

56. Mr. Andrade-Barteldes was not paid on a salary basis.

57. Mr. Andrade-Barteldes worked approximately 28 to 30 hours per week in 2022.

58. Mr. Andrade-Barteldes performed about three (3) hours of administrative or clerical work per week for which Defendants did not compensate him.

59. At all times relevant to this action, it was Defendants' policy and practice not to compensate its professors or instructors for administrative or clerical work.

60. ASA College's ESL Department in New York had approximately eighty (80) professors and/or instructors.

61. ASA College in New York employed two hundred or more professors and/or instructors in all departments.

62. Plaintiff and the Class were to be paid bi-weekly pursuant to ASA College's pay policies and practices.

63. Plaintiff and the Class were untimely paid in violation of Labor Law § 191 on numerous occasions in 2022.

64. Plaintiff and the Class were due to be paid their wages on January 21, 2022; however, payment was not remitted until January 25, 2022.

65. Plaintiff and the Class were due to be paid their wages on April 1, 2022; however, payment was not remitted until April 2, 2022.

66. Plaintiff and the Class were due to be paid their wages on August 19, 2022; however, payment was not remitted until August 23, 2022.

67. Plaintiff and the Class were due to be paid their wages on September 2, 2022; however, payment was not remitted until September 6, 2022.

68. Plaintiff and the Class were due to be paid their wages on September 16, 2022; however, payment was not remitted until September 17, 2022.

69. Plaintiff and the Class were due to be paid their wages on September 30, 2022; however, payment was not remitted until October 4, 2022.

70. Plaintiff and the Class were due to be paid their wages on October 14, 2022; however, payment was not remitted until October 21, 2022.

71. Plaintiff and the Class were due to be paid their wages on October 28, 2022; however, payment was not remitted until November 24, 2022.

72. Plaintiff and the Class were due to be paid their wages on November 11, 2022; however, payment was not remitted until November 24, 2022.

73. Plaintiff and the Class were due to be paid their wages on December 9, 2022; however, payment was not remitted until December 21, 2022.

74. As a result of the untimely payments, Plaintiff and the Class have suffered an injury in fact in that they have been denied use of the money, they have been

denied interest that would have been earned had the money been deposited into an interest bearing account, and they have incurred additional costs, fees, or interest on bills or debts they were unable to pay because the money was not timely remitted.

75. In addition, Plaintiff and the Class have not been paid any wages despite performing known work for Defendants for the following pay periods: (a) the pay period ending December 23, 2022, and (b) the pay period ending January 6, 2023, or thereafter.

76. Defendants were aware that its pay practices described herein were in violation of the FLSA and Labor Law, but continued to willfully engage in such unlawful pay practices.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION**
**(Unpaid Minimum Wages in Violation of the FLSA)**

77. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 76, as if fully set forth herein.

78. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

79. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA.

80. Pursuant to the acts and practices alleged herein, Defendants willfully paid Plaintiff and all other similarly situated employees below the minimum wage.

81. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated to him. As such, Defendants' noncompliance with the FLSA was willful.

82. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION**
**(Unpaid Minimum Wages in Violation of the Labor Law)**

83. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 82, as if fully set forth herein.

84. Defendants were the employer of Plaintiff and the Class within the meaning of the Labor Law.

85. Plaintiff and the Class are and were non-exempt employees under the Labor Law.

86. Pursuant to the acts and practices alleged herein, Defendants willfully paid Plaintiff and the Class below the minimum wage.

87. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

88. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION**
**(Unpaid Earned Wages in Violation of the Labor Law §§ 191, 193, 198)**

89. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 88, as if fully set forth herein.

90. Defendants were the employer of Plaintiff and the Class within the meaning of the Labor Law.

91. Plaintiff and the Class are and were non-exempt employees under the Labor Law.

92. Pursuant to the acts and practices alleged herein, Plaintiff and the Class performed on Defendants' behalf and known to Defendants, but were denied their wages earned.

93. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

94. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of unpaid wages in an amount to be determined at trial and are entitled to recover the value of those unpaid wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
### (Untimely Wages in Violation of the Labor Law § 191)

95. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 94, as if fully set forth herein.

96. Defendants were the employer of Plaintiff and the Class within the meaning of the Labor Law.

97. Plaintiff and the Class are and were clerical or other workers within the meaning of Labor Law § 191(d).

98. Plaintiff and the Class were to be paid bi-weekly pursuant to Defendants' terms of employment.

99. On numerous occasions, as identified herein, Plaintiff and the Class were not timely paid their wages earned.

100. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

101. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class are entitled to recover the value of those untimely paid wages as liquidated damages and prejudgment interest pursuant to the Labor Law.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION**
**(Unjust Enrichment)**

102. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 101, as if fully set forth herein.

103. Pursuant to the acts and practices alleged herein, Defendants received a benefit from Plaintiff and the Class.

104. The benefit was received by Defendants at the expense of Plaintiff and the Class.

105.     It is against equity and good conscience to permit the Defendants to retain

what is sought to be recovered by Plaintiff and the Class.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
### (*Quantum Meruit*)

106.     Plaintiff hereby repeats and realleges each allegation contained in

paragraphs numbered 1 through 105, as if fully set forth herein.

107.     Plaintiff and the Class performed services for Defendants in good faith.

108.     Defendants accepted the services performed by Plaintiff and the Class.

109.     Plaintiff and the Class performed those services with the expectation of

compensation.

110.     Defendants failed to compensate Plaintiff and the Class with reasonable

value for said services rendered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment

against Defendants containing the following relief:

a)     An order certifying a collective and/or class action;

b)     An order declaring Defendants have violated the provisions of the FLSA and Labor Law relating to payment of minimum wages, earned wages, and timely payment of wages;

c)     An order enjoining Defendants from engaging in the unlawful activities alleged above;

d)     An order awarding monetary damages for Plaintiff's and the Collective and/or Class's economic losses in the form of unpaid minimum wages and unpaid earned wages, or economic losses arising from Defendants being unjustly enriched;

e)     An order awarding liquidated damages to Plaintiff and the Collective and/or Class under the FLSA and the Labor Law in an amount equal to the total amount of unpaid minimum wages, unpaid earned wages, and untimely paid wages;

f)     An award of prejudgment interest on the unpaid minimum wages, unpaid earned wages, and untimely paid wages owed to Plaintiff and the Collective and/or Class pursuant to the Labor Law;

g)     An award of the reasonably value of Plaintiff's and the Class's services pursuant to a quantum meruit theory of liability;

h)     An award of Plaintiff's and the Collective and/or Class's reasonable attorneys' fees pursuant to the FLSA and the Labor Law;

i)     An award of the Plaintiff's and the Collective and/or Class's costs of this action; and

j)     Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: January 20, 2023
New York, New York

LEVINE & BLIT, PLLC


Matthew J. Blit (MJB4145)
Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020

New York, NY 10118
(212) 967-3000
mblit@levineblit.com
jclark@levineblit.com