```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ERNEST ANDRADE-BARTELDES, on behalf of                                 :
himself and all others similarly situated,                             :
                                                                       :
                                          Plaintiff,                   :    23-cv-00495 (LJL)
                                                                       :
                  -v-                                                  :    ORDER
                                                                       :
ASA COLLEGE, INC., ALEXANDER SHCHEGOL,                                 :
and JOSE VALENCIA,                                                     :
                                                                       :
                                          Defendants.                  :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/19/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff Ernest Andrade-Barteldes ("Plaintiff") asserts claims against defendants ASA College ("ASA"), Alexander Shchegol ("Shchegol"), and Jose Valencia ("Valencia" and together with ASA and Shchegol, "Defendants") for: (i) on behalf of himself and all members of a Fair Labor Standards Act ("FLSA") collective comprised of all similarly situated members of the ASA faculty, unpaid minimum wages under FLSA, Dkt. No. 1 ¶¶ 77–82; (ii) on behalf of himself and all members of a Federal Rule of Civil Procedure 23 class comprised of all ASA faculty members since January 19, 2017, unpaid minimum wages in violation of the New York Labor Law, *id.* ¶¶ 83–88, unpaid earned wages in violation of the New York Labor Law §§ 191, 193, 198, *id.* ¶¶ 89–94, untimely wages in violation of the New York Labor Law § 191, *id.* ¶¶ 95–101, unjust enrichment, *id.* ¶¶ 102–05, and quantum meruit, *id.* ¶¶ 106–10.

On March 6, 2023, Plaintiff filed a letter with the Court, which he served on Defendants, indicating that all Defendants had been served with process, that their time to respond to the complaint had expired, and that they were therefore in default. Dkt. Nos. 36–37. Plaintiff stated

his intention to file a motion for class and collective certification and then, after the motion had been decided upon, to seek entry of default and a default judgment. Dkt. No. 36. On March 27, 2023, Valencia, appearing *pro se*, answered the complaint. Dkt. No. 45. The Court held an initial pretrial conference on March 28, 2023, at which Plaintiff appeared and Valencia appeared *pro se*; no other Defendants appeared. March 28, 2023 Minute Entry. On March 30, 2023, the Court entered a Case Management Plan and Scheduling Order, as well as an Order directing Plaintiff to make his motion for class certification no later than April 4, 2023, Defendants to respond to the motion by April 21, 2023, and Plaintiff to reply by April 28, 2023. Dkt. Nos. 46–47.[1]

On April 4, 2023, Plaintiff filed his motion for certification of the Rule 23 class and conditional certification of the FLSA collective, Dkt. No. 49, along with a memorandum of law in support of the motion, Dkt. No. 52, two declarations in support of the motion, Dkt. Nos. 50, 51, and a certificate that Plaintiff had caused Defendants to be served with these filings, Dkt. No. 53. No response to the motion was submitted. On December 4, 2023, this Court granted Plaintiff's motion for certification of the Rule 23 class and conditional certification of the FLSA collective. Dkt. No. 61.

On December 13, 2023, this Court directed Valencia shall show cause by January 5, 2024 why the Court should not direct the Clerk of Court to enter a Certificate of Default as to him for his failure to "otherwise defend" this action pursuant to Federal Rule of Civil Procedure 55(a). Dkt. No. 63.

---

[1] The Court specifically notified Valencia of the availability of the NYLAG Pro Se Clinic for legal assistance. Dkt. No. 46. Although the Court directed that its March 30, 2023 Order, *id.*, be mailed to Plaintiff at the address provided to the Clerk of Court, the mail was returned as not deliverable, April 25, 2023 Minute Entry.

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also Burns v. Scott*, 2022 WL 10118491, at *3 (S.D.N.Y. Oct. 17, 2022), *reconsideration denied*, 2022 WL 18858909 (S.D.N.Y. Nov. 9, 2022) ("A party seeking a default judgment must follow the two-step procedure set forth in Federal Rule of Civil Procedure 55.").  First, a party seeking a default judgment, must petition the clerk for entry of default, which "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see also* Fed. R. Civ. P. 55(a).  Only once the clerk has entered default can the party move for entry of default judgment, which "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings.  *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b).

As the Court noted in its Order on December 13, 2023, Valencia did not respond to the motion to certify the Rule 23 class and to conditionally certify the FLSA collective, Dkt. No. 49, did not engage in discovery, did not provide the Court with an updated address, and did not respond to the Court's previous Orders to show cause, Dkt. Nos. 56, 57.  Valencia then did not, despite the Court's direction to do so by January 5, respond to the Court's Order to show cause why the Court should not direct the Clerk of Court to enter a certificate of default as to him for his failure to "otherwise defend" this action pursuant to Federal Rule of Civil Procedure 55(a).  Dkt. No. 63.  The Court thus finds that Valencia has failed to "otherwise defend" this action, and that entry of a certificate of default as to him would be appropriate.

The Clerk of Court is respectfully directed to enter a certificate of default as to defendant Valencia.  The Clerk of Court is also respectfully directed to send a copy of this Order to Valencia at the address on file for him.

SO ORDERED.

Dated: January 19, 2024
       New York, New York

LEWIS J. LIMAN
United States District Judge