

Matthew J. Blit, Esq.
800 Westchester Avenue, Suite S-322
Rye Brook, New York 10573
Phone: 212-967-3000
Email: mblit@levineblit.com

January 14, 2025

> Without deciding that the potential collective opt-in plaintiffs' FLSA claims are timely, the Court approves Plaintiff's proposed dates for mailing Class Notices, mailing exclusion requests, and mailing objections. The Fairness Hearing is scheduled for 2PM, May 20, 2025, in Courtroom 15C, 500 Pearl Street, New York, NY 10007.
>
> SO ORDERED.
>
> January 15, 2025   /s/ Lewis J. Liman
> LEWIS J. LIMAN
> United States District Judge

**VIA ECF**
United States District Court
Honorable Lewis J. Liman
500 Pearl Street
New York, NY 10007

**Re:** **Andrade-Barteldes v. ASA College, Inc., et al. – No. 1:23-cv-00495**
Letter in Response to the Court's Dec. 27, 2024 Order

Dear Judge Liman,

This firm represents the plaintiff Ernest Andrade-Barteldes and the certified collective/class in the above-referenced civil action. The undersigned submits this Letter in response to the Court's Order dated December 27, 2024 (ECF Doc. #107) requesting plaintiff to propose dates for notices of exclusion, objections, and a settlement hearing; and requesting plaintiff to identify whether there is any basis for Plaintiff to maintain a FLSA collective action or invite persons to file opt-in notices given the statute of limitations for FLSA claims.

Plaintiff proposes the following dates: (a) deadline for Class Counsel to mail out Class Notices - March 7, 2025; (b) deadline for mailing of exclusion requests by Class Members – May 6, 2025; (c) deadline for mailing of objections by Class Members – May 6, 2025; and (d) Fairness Hearing for the settlement agreement reached with defendant Jose Valencia set for May 20, 2025.

This civil action was commenced with the filing of the Complaint on January 20, 2023. (ECF Doc. #1). Between January 24, 2023 and April 10, 2023, twenty-eight (28) notices to join the FLSA collective were received and filed by plaintiff's counsel. (ECF Doc. #10-29, 31, 34-35, 40-42, 44, 48, 54). On March 27, 2023, defendant Jose Valencia interposed his Answer. (ECF Doc. #45). Defendants ASA College, Inc. and Alexander Shchegol have not appeared in this action and the Clerk has issued Certificates of Default as to these two defendants. (ECF Doc. #71-72). On April 4, 2023, plaintiff filed his Motion to Certify the Class and FLSA Collective. (ECF Doc. #49-53). On December 4, 2023, the Court issued its Memorandum and Order granting plaintiff's Motion to Certify the Class and FLSA Collective. (ECF Doc. #61). As part of the Court's Memorandum and Order, defendants were directed to provide a class list within twenty-one (21) days. (ECF Doc. #61, p. 15). On December 15, 2023, plaintiff's counsel delivered a copy of the Court's December 4, 2023 Memorandum and Order and a written demand for a class list on or before December 26, 2023 to defendant Jose Valencia and defendant Alexander Shchegol. Neither timely responded. On February 13, 2024, plaintiff filed a Motion for Sanctions pursuant to 18 U.S.C. § 401 due to defendants' non-compliance with the Court's December 4, 2023 Memorandum and Order.



Matthew J. Blit, Esq.
800 Westchester Avenue, Suite S-322
Rye Brook, New York 10573
Phone: 212-967-3000
Email: mblit@levineblit.com

On February 23, 2024, the Court held defendants in civil contempt for their failure to produce a class list. On March 12, 2024, defendant Jose Valencia produced a class list; however, the class list did not include the last known addresses of the class members. The Court held telephonic conferences on March 18, 2024 and August 13, 2024; however, none of the defendants appeared. On September 10, 2024, plaintiff's counsel and defendant Jose Valencia appeared for a telephonic conference with the Court. Thereafter, the Court relieved defendant Jose Valencia of contempt and the parties agreed to mediation. Defendant Jose Valencia and plaintiff reached a settlement, which has been preliminarily approved by the Court, where defendant Jose Valencia agreed to provide a complete class list, among other promises that are valuable to the Class and Collective.

Plaintiff now respectfully requests that the time for FLSA Collective members to opt-in be equitably tolled from April 4, 2023 due to the delay caused by the Court's time required to rule on the Motion for Certification and due to the delay caused by defendants in failing to provide a class list, which would allow notice to be sent to FLSA Collective Members. "Normally in a FLSA collective action, the statute of limitations for each plaintiff runs when he or she files written consent with the court electing to join the lawsuit, not when the named plaintiff files the complaint." *McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438, 445 (S.D.N.Y. 2012). "However, courts have discretion to equitably toll the limitations period in appropriate cases in order to avoid inequitable circumstances." *Id.* "…[T]hose whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized dur to the courts' heavy dockets and understandable delays in rulings." *Id.* Likewise, it would be inequitable for defendants to gain an advantage as a result of their failure or refusal to timely produce a class list. *See Ribota v. County of San Bernardino*, 2023 WL 2558561, at *10 (C.D. Cal. Jan. 31, 2023); *see also Koch v. Jerry W. Bailey Trucking, Inc.*, 482 F.Supp.3d 784, 799-800 (N.D. Ind. 2020).

In this civil action, plaintiff and class counsel have timely and diligently pursued certification of the class and collective, and receipt of the class list from defendants. Due to the extraordinary circumstances described above (*i.e.* delay in the decision on the motion for certification and defendants' failure or refusal to provide a class list), it would be inequitable to allow the potential collective opt-in plaintiffs under the FLSA to be precluded from the opportunity to exercise their rights. *See McGlone*, 867 F.Supp.2d at 445; *Ribota*, 2023 WL 2558561, at *10. Therefore, Plaintiff respectfully requests that the time for FLSA Collective members to opt-in be equitably tolled from April 4, 2023.

Thank you for the Court's time and attention to this matter.

Respectfully submitted,

/s/
Matthew J. Blit